## SUPREME COURT.

The People *ex. rel.* BENJAMIN F. KIP and JOHN K. LANING, Overseers of the Poor of the town of Otsego, agt. EDWIN M. HARRIS, County Treasurer of the county of Otsego.

Under the act of 1857, " to suppress intemperance and to regulate the sale of in toxicating liquors," the legislature did not intend that *overseers of the poor* should receive from the county treasurers the excise moneys collected and paid to them pursuant to that act, even in counties in which a distinction between county poor and town poor prevails.

The treasurers of such counties are not required to credit *towns* with moneys received from the county or *its officers;* they are obliged to credit their counties with such moneys.

The county treasurers must pay the excise moneys to the county superintendents of the poor, who are authorized to draw on them for the same. *Per* BALCOM, J.

*It seems,* that as this money is paid over to the county treasurer for the use of the poor of the county, the *supervisors* might, in their discretion, distribute it among the several towns in the proportions it was received from licenses in the several towns, to be appropriated and used for the poor of the towns. *Per* CAMPBELL, J.

*Sixth District—Delaware General Term, July,* 1858.
GRAY, MASON, BALCOM *and* CAMPBELL, *Justices.*

APPLICATION for peremptory mandamus.

The board of commissioners of excise for the county of Otsego, in pursuance of the act to suppress intemperance, &c., passed April 16, 1857, received in that year, for licenses granted to persons residing in the town of Otsego, as appeared by averments in the alternative mandamus, the sum of $390, and paid the same over to the county treasurer, in pursuance of the 5th section of that act. A distinction between county poor and town poor prevails in Otsego county, the several towns providing for and supporting their own poor, as provided for and regulated by what is called the Livingston county act. The relators, Benjamin F. Kip and John K. Laning, overseers of the poor of the town of Otsego, demanded

of the county treasurer the sum of $390, and upon his refusal to pay the same to them, they obtained an alternative mandamus, requiring him to pay to them that amount or show cause, &c., at the general term. He made return to the writ, among other things, that the board of commissioners of excise, at the close of their session, June 17, 1857, paid over to him the whole amount of excise money received by such board during its session, being $2,580, and that no portion of that sum was designated or paid to him as money received from residents of the town of Otsego, or of any other town in the county. He also stated in his return that he is not authorized to pay out such money except upon the draft of the county superintendent of the poor, and that neither the county superintendent nor the relators have made any draft upon him for such money or any part thereof, and further, that he is not by law required to pay any part of the excise money to the overseers of the poor of the several towns. The relators demurred to the return, and the defendant joined in demurrer.

L. J. BURDITT, *for relators.*
J. E. DEWAY, *for defendant.*

By the court—CAMPBELL, Justice. Title 1, part 1, chap. 20, § 54, p. 634 of Vol. I R. S., provides: "In those counties where the respective towns are required to support their own poor, the county treasurers thereof shall respectively open and keep an account with each town, in which the town shall be credited with all moneys received from the same or from its officers, and shall be charged with the moneys paid for the support of the poor chargeable to such town."

In § 26, p. 629, same title, it is provided: "In those counties in which the distinction between county poor and town poor prevails, the excise money collected in any town, and all penalties given by law to the overseers of the poor when received, shall be applied to the use of the poor of the town in which such money and penalties shall be collected."

Section 34, title 9, part 1, c. 20, provides that "in those coun-

ties in which the distinction between town and county poor is or shall be abolished, all moneys received for excise duty in any *city* or *village*, except the city of New-York, shall be paid into the county treasury for the support of the poor."

So section 23 of title 1, part 1, of c. 20, provides that the excise money received by the commissioners of excise in any town, in a county where the distinction between town and county poor had been abolished, should be paid over to the county treasurer.

Title 9, part 1, chap. 20, being the title providing for and stating the duties of the excise commissioners of the various towns, was entirely repealed by chap. 628 of the Laws of 1857. There are no longer excise commissioners for the respective towns. The commissioners are now county officers. By the 5th section of that act they are required to pay over the whole amount of the excise money to the county treasurer— not even deducting their own allowance for their services, the sum allowed to them for their services being paid in like manner as other county charges. That act makes no provision for counties where the distinction between town and county poor is retained. The county treasurer receives no excise money from any town, nor from the officers of any town. The whole amount is paid over to him in gross by the board of county commissioners. The charges of the commissioners for services are audited and paid by the board of supervisors. As this money is paid over to the county treasurer for the use of the poor of the county, the supervisors might doubtless, if they chose, distribute it among the several towns in the proportion it was received from licenses in the several towns, to be appropriated and used for the poor of the towns.

As section 26, title 1, part 1, of c. 20, of R. S., is still in force, and which provides that the excise money collected in any town in counties where the distinction between town and county poor exists, shall be applied to the use of the poor in such town, it may be the duty of the supervisors to make such distribution.

But no such power or duty devolves upon the county treas-

urer. He can only pay out the money in his hands as re-quired by law. There is no law which authorizes him to audit and settle the accounts of the board of commissioners of excise, and to distribute the net proceeds of the excise money among the several towns. No warrant has been drawn on him in the present case by the supervisors of the county of Otsego, or by the superintendents of the poor of the county, for the money in question.

In my opinion there should be judgment for the defendant.

BALCOM, Justice. There is now a board of commissioners of excise for each county in the state. (*Laws of* 1857, *Vol. II, p.* 405, § 1.) And each board of commissioners is required to pay all excise moneys to the county treasurer, "for the use of the poor in" the county. (*Id.* § 5.)

The defendant was not furnished with any evidence, as to the residence of the persons from whom the board of commissioners of excise for the county of Otsego, received the $390, excise money, claimed by the relators. The board paid the same to the defendant with the rest of the excise money which they had received. All the information they gave the defendant, or which they could legally give him, in regard to any portion of the money, was that it was excise money.

The defendant had no authority for ascertaining, upon his own motion, what portion of the excise money was received by the commissioners from residents of the town of Otsego; and it was not in the power of the relators to furnish him with any legal proof that $390 of the same, was received by the commissioners for licenses granted to residents of that town.

If the legislature had intended that county treasurers should pay the excise moneys received by them, under the act of 1857, "to suppress intemperance, and to regulate the sale of intoxicating liquors," to the overseers of the poor, in counties where a distinction between county poor and town poor exists, it would certainly have required the boards of commissioners

of excise to furnish the county treasurers with statements, showing the amount of moneys received from the residents of each town, so they would know how much of the same to credit to each town, and pay to the overseers of the poor thereof. The legislature has not imposed this duty upon boards of commissioners of excise, or declared that any portion of the excise moneys received under the act before mentioned, shall belong to towns that support their own poor, or be paid to their officers; and I am of the opinion the legislature did not intend that overseers of the poor should receive from the county treasurers the excise moneys collected and paid to them pursuant to that act, even in counties in which a distinction between county poor and town poor prevails.

Under the excise system, contained in the Revised Statutes, the money received by the town boards of excise for licenses, was never paid by them to the county treasurers in counties in which each town supported its own poor. (1 R. S. 620, §§ 20, 25 and 26; id. 632, § 88; id. 2d ed., 640, § 88; 6 Hill, 58.) They paid it to the overseers of the poor of each town, where it was received in such counties; but in those counties in which the distinction between county poor and town poor was abolished, they paid it to the county treasurers; (1 R. S. 619, §§ 20, 21; id. 683, § 31;) and when so paid to them it could not be drawn from them by the overseers of the poor.

In counties where the respective towns are required to support their own poor, the county treasurers are compelled to open and keep an account with each town, in which the town shall be credited with all moneys received from the same or from *its officers*, and shall be charged with moneys paid for the support of the poor chargeable to such town. (1 R. S. 626, § 47; id. 628, § 55.) But the treasurers of such counties are not required to credit *towns* with moneys received from the county or *its officers;* they are obliged to credit their counties with such moneys.

It was the duty of the defendant to credit the county of Otsego with all the excise moneys received by him from the board of commissioners of excise, for that county, under the

act of 1857, " to suppress intemperance, and to regulate the sale of intoxicating liquors," because the commissioners from whom he received the moneys were county officers.

It is evident that the above-mentioned act of 1857, which repealed all other acts inconsistent with any of its provisions, and particularly that part of the Revised Statutes entitled " of excise, and the regulation of taverns and groceries," takes away the right of overseers of the poor to receive or control the excise moneys, even in counties where a distinction between county poor and town poor prevails.

County treasurers cannot pay or apply any money, except " in the manner required by law." (1 *R. S.* 369, § 20.) And there is no law that requires them to pay the excise moneys received under the act of 1857, to the overseers of the poor of towns which support their own poor, though such moneys were paid in the first place to the commissioners for licenses by residents of such towns. They must pay the excise moneys to the county superintendents of the poor who are authorized to draw on them for the same. (1 *R. S.* 617, § 16, *sub.* 9.)

For the foregoing reasons the relators cannot compel the defendant to pay them any portion of the excise moneys which he received from the board of commissioners of excise for Otsego county, under the act of 1857; the defendant is, therefore, entitled to judgment upon the demurrer to his return to the mandamus, with costs.

Judgment ordered for defendant upon the demurrer, with costs, with leave to the relators to plead to the return in twenty days, on payment of the costs occasioned by the demurrer.